**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PAUL SUGAR, JR.,
and PAUL SUGAR, SR.,

      Plaintiffs,

v.                                         Civ. No. 20-331 JAP/LF

DAVID TACKETT,
STEVE L. TACKETT,
and NO. 8 MINE LLC,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

After obtaining a clerk's entry of default, Plaintiffs Paul Sugar Jr. and Paul Sugar Sr. moved for default judgment against Defendants David Tackett and No. 8 Mine LLC.[1] *See* CLERK'S ENTRY OF DEFAULT (Doc. 8); PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS DAVID TACKETT AND NO. 8 MINE, LLC (Doc. 10). Two days later, local counsel for Defendants entered their appearance and then moved to set aside the clerk's entry of default. *See* DEFENDANTS DAVID TACKETT AND NO. 8 MINE, LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (Doc. 13). Having considered the briefing, the record, and the relevant law, the Court will grant Defendants' motion to set aside the clerk's entry of default and deny Plaintiffs' motion for default judgment.

---

[1] Plaintiffs have not yet served the third named Defendant, Steve L. Tackett. On July 15, 2020, the Court granted Plaintiffs a 60-day extension to complete service. *See* ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE ON DEFENDANT STEVE TACKETT (Doc. 18).

**A.  Background**

This case concerns the alleged sale of #8 turquoise owned by Plaintiffs and stored at their property in Moriarity, New Mexico. *See* COMPLAINT (Doc. 1 at 2). Plaintiffs allege that in June 2017, Defendant David Tackett, an Arizona resident, contacted them and expressed interest in purchasing all of the #8 turquoise Plaintiffs owned, which at the time was approximately 11,300 pounds. *Id*. at 2–3. Plaintiffs claim that David Tackett promised to pay $560,000 for the turquoise, and if paid within sixty days, the sales price would be reduced to $500,000. *Id*. at 3. In the course of reaching this sales agreement, David Tackett allegedly told Plaintiffs that he "owned a federal injunction entitling him to possession of all of [their] #8 turquoise" and threatened that if they did not sell the turquoise to him, he would take away all of the turquoise, "sue them, and possibly have them put in jail." *Id*. at 2 (internal quotation marks omitted).

The following month, on July 8, 2017, Defendant Steve Tackett, who is David Tackett's father, arrived unannounced at Plaintiff Paul Sugar, Sr.'s home and allegedly demanded that Plaintiffs "give him all of their #8 turquoise." *Id*. at 3. Because of David Tackett's prior threats and his promise to pay for the turquoise, Plaintiffs "reluctantly let Steve Tackett take their #8 turquoise," which he reportedly took to Flagstaff, Arizona. *Id*.

Plaintiffs were in contact with David Tackett in the weeks after his father took the turquoise from their property. *Id*. at 3–4. David Tackett repeated his promise to pay for the turquoise, but asked Plaintiffs to "be patient" while he was "working on it [arranging payment]." *Id*. at 4. This went on for about six months, at which point David Tackett stopped communicating with Plaintiffs. *Id*. By this point, Plaintiffs had discovered that Defendants were involved in lawsuits against them for similar actions, "i.e., acquiring #8 turquoise with either no intention of paying for it, or paying only a portion of the agreed sales price." *Id*. Plaintiffs also learned that the #8 turquoise

in Defendants' possession is the subject of a preliminary injunction entered in a federal lawsuit in

the District of Nevada. *Id*. Plaintiffs believe that a large portion of their turquoise remains in

storage on Defendants' property in Flagstaff. *Id*. at 4. Plaintiffs assert that despite repeated

demands, Defendants have refused to return their turquoise. *Id*. at 5. In addition, Steve Tackett has

purportedly been selling Plaintiffs' turquoise either individually or through his company,

Turquoise Liquidators. *Id*. at 3.

## B.  Procedural History

On April 13, 2020, nearly three years after the turquoise was taken from their property,

Plaintiffs filed this lawsuit against David Tackett, Steve Tackett, and No. 8 Mine LLC. *See*

COMPLAINT (Doc. 1). In their seven-count complaint, Plaintiffs assert claims for breach of

contract (Count I), breach of the duty of good faith and fair dealing (Count II), misrepresentation

(Count III), fraud (Count IV), conversion (Count V), rescission (Count VI), and unjust enrichment

(Count VII). *Id*. at 5–8. Plaintiffs seek compensatory and punitive damages, or alternatively, that

Defendants be ordered to return all of Plaintiffs' #8 turquoise, and to pay Plaintiffs' attorney's fees

and costs. *Id*. at 8.

David Tackett was personally served in Flagstaff on April 18, 2020. *See* PROOF OF

SERVICE (Doc. 3). Amy McLaren, who is the agent registered to accept service of process on

behalf of No. 8 Mine LLC, was served on April 16, 2020. *See* PROOF OF SERVICE (Doc. 4).

After David Tackett and No. 8 Mine LLC did not enter an appearance, file an answer or

otherwise respond within the required time period, Plaintiffs requested a clerk's entry of default.

Docs. 5–7. On May 28, 2020, the clerk filed an entry of default as to David Tackett and No. 8

Mine LLC. *See* CLERK'S ENTRY OF DEFAULT (Doc. 8). On June 1, 2020, Plaintiffs then filed

a motion seeking default judgment against David Tackett and No. 8 Mine LLC. *See* PLAINTIFFS'

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS DAVID TACKETT AND NO. 8 MINE, LLC (Doc. 10).

Two days later, on June 3, 2020, local counsel for David Tackett and No. 8 Mine LLC entered their appearance. *See* Doc. 12. On June 5, 2020, defense counsel filed a motion to set aside the clerk's entry of default. *See* DEFENDANTS DAVID TACKETT AND NO. 8 MINE, LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (Doc. 13). Both Plaintiffs' motion for default judgment and Defendants' motion to set aside the clerk's entry of default are fully briefed. *See* Docs. 14–16.[2] The Court will first consider Defendants' motion to set aside the entry of default before addressing Plaintiffs' motion for default judgment.

**C. Defendants' Motion to Set Aside Clerk's Entry of Default**

*1. Standard of Review*

Under Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garber & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

"In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Services, Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (internal quotation marks omitted); *see also Gilmore v. Carlson*, 72 F. App'x 798, 801 (10th Cir. 2003) (in determining whether to vacate a clerk's entry of default,

---

[2] Plaintiffs did not file a reply brief in connection with their motion for default judgment, and the time period to do so has since passed.

the court may consider (1) whether the defendant's culpable conduct led to the default, (2) whether plaintiff will be prejudiced by setting aside the entry of default, and (3) whether the defendant has a meritorious defense). "A court need not consider all of the [above] factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005).

  2.  *Analysis*

      Applying the above factors to this case, the Court concludes that Defendants have demonstrated good cause to set aside the clerk's entry of default. Turning first to whether the default was willful, "[a] defendant's conduct is generally considered culpable if it has defaulted willfully or has no excuse for the default." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995). Here, Defendants do not dispute that they were served properly. Doc. 13 at 1–2. Defendants attribute their failure to timely answer or otherwise defend to delays and issues that arose during their efforts to secure local New Mexico counsel to represent them in this lawsuit.

      Specifically, David Tackett explains that he contacted Mitchell Posin, his attorney in the Nevada litigation, regarding this case after he was served and asked for assistance in securing New Mexico counsel to represent him and No. 8 Mine LLC. *Id*. at 2. Mr. Posin contacted numerous New Mexico attorneys without success. *Id*. Eventually, on May 21, 2020 (approximately 10 to 14 days after Defendants' answer deadlines, but before Plaintiffs requested an entry of default),[3] Mr. Posin found an Albuquerque law firm that agreed to represent Defendants after its initial conflict check showed it had never represented Plaintiffs. *Id*. at 2–3. Mr. Posin and the Albuquerque law firm then began preparing a motion to dismiss, which they presumably intended to file in lieu of

---

[3] David Tackett's answer deadline was May 11, 2020, and No. 8 Mine LLC's answer deadline was May 7, 2020. *See* Docs. 3–4. Plaintiffs did not request an entry of default until May 27, 2020. *See* Docs. 5–7.

an answer or an entry of appearance. *Id*. at 3. In the course of reviewing the draft motion to dismiss, the Albuquerque law firm partner assigned to the case discovered that individuals who were parties to the Nevada litigation were actually former clients of his firm. *Id*. at 3. Although these individuals are not named parties in this lawsuit, the partner found that "they played a prominent role in the facts as alleged in the proposed drafts of the [m]otion to [d]ismiss." *Id*. Concluding that this constituted a conflict, the Albuquerque law firm informed Mr. Posin on May 29, 2020, that it could not represent Defendants in this case. *Id*. at 3–4. By this point, Plaintiffs had already requested and obtained a clerk's entry of default. *See* Doc. 8. Mr. Posin immediately began contacting other New Mexico attorneys and found current defense counsel who agreed to represent Defendants. *Id*. at 4. On June 2, 2020 (the same day that Plaintiffs moved for default judgment), current defense counsel notified Plaintiffs' counsel that he intended to enter an appearance as soon as he was retained. *Id*. Defense counsel was retained on June 3, 2020, and entered his appearance that same day. *See* Doc. 12. Two days later, defense counsel moved to set aside the clerk's entry of default. *See* Doc. 13.

Although Defendants did not timely file an answer or other responsive pleading, the Court finds that their conduct did not rise to the level of willful or culpable conduct. Defendants diligently attempted to secure local counsel—doing so in the midst of an ongoing global pandemic and limited judicial operations. *See* ADMINISTRATIVE ORDER, No. 1:20-mc-00004 (Doc. 17), filed Apr. 27, 2020. This is not a situation where a defendant deliberately and willfully ignored a lawsuit until default was entered. In fact, Mr. Posin contacted Plaintiffs' counsel to inform him of Defendants' plan to secure New Mexico counsel and file a responsive pleading or motion. *See* Doc. 13-2 at ¶ 9. While Plaintiffs' counsel disputes when this call occurred and its contents, counsel does not deny that the call took place. *See* Doc. 15 at 1. Surely, Defendants would not

have contacted opposing counsel if they intended to willfully default. Indeed, there is no indication that Defendants' failure to file a responsive pleading was motivated by bad faith or an intent to impede litigation. Furthermore, Defendants acted quickly in seeking to set aside the clerk's entry of default; default was entered on May 28, 2020, and the motion to set aside default was filed days later on June 5, 2020. *See* Docs. 8, 13. Therefore, this factor weighs in favor of setting aside the default.

Setting aside the entry of default will also not unduly prejudice Plaintiffs as there is no indication that doing so will "thwart [their] recovery or remedy." *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2699 (4th ed.). Nor will setting aside default cause Plaintiffs to suffer any concrete harm such as "the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion," *id*., because as Defendants correctly observe, "this litigation is at its very earliest stage." Doc. 13 at 11. Case management and discovery deadlines have not yet been entered and in fact, Plaintiffs are still in the process of serving Steve Tackett. Tellingly, Plaintiffs' response does not even address what prejudice they will suffer if the entry of default is set aside. The Court therefore concludes that there is no demonstrable prejudice to Plaintiffs if the default is set aside.

Finally, Defendants have offered at least one meritorious defense on factual grounds—specifically, they deny ever taking or having possession of Plaintiffs' #8 turquoise. *See* Doc. 13 at 11–14. Defendants point out that Plaintiffs themselves do not assert in their complaint that either David Tackett or No. 8 Mine LLC took the turquoise or now have possession of it. *Id*. at 12. Rather, the complaint states that it was Steve Tackett who took the turquoise from Plaintiffs' property and then began selling it through his own company. *Id*. In response, Plaintiffs argue that David

Tackett's testimony and statements elsewhere show his involvement in the purchase of Plaintiffs' #8 turquoise. Doc. 15 at 4–5.

In deciding whether a movant seeking to set aside an entry of default has presented a meritorious defense, the Court notes that "[i]t does not take much to establish the existence of a meritorious defense sufficient to set aside a default—only the alleging of sufficient facts that, if true, would constitute a defense." *Calderon v. Herrera*, 2012 WL 13013070, at *5 (D.N.M. May 11, 2012). "[R]ather than looking at the likelihood that the defendant will prevail on the merits, the Court should look at whether the proposed defense is legally cognizable such that it would constitute a defense to the claims if proved at trial." *Roberson v. Farkas*, 2011 WL 13117113, at *5 (D.N.M. Sept. 30, 2011) (citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (allegations of a defense are meritorious if they contain "even a hint of a suggestion" that, if proven at trial, would constitute a complete defense)). Here, while Plaintiffs dispute David Tackett's factual assertions in their response brief, they overlook the allegations in their own complaint that seemingly support David Tackett's contention that it was his father Steve Tackett who took the turquoise and now has possession. *See* Compl. at 3 ("[T]he Plaintiffs reluctantly let Steve Tackett take their #8 turquoise"; "Steve Tackett took the Plaintiffs' #8 turquoise to Flagstaff, Arizona"; "[S]ince taking the Plaintiffs #8 turquoise, Steve Tackett has been selling #8 turquoise . . . ."). The Court need not resolve the factual dispute between the parties on this issue; rather, for purposes of the motion to set aside default, the Court concludes that Defendants have presented facts that, if true, would constitute a meritorious defense.

In sum, the Court finds that Defendants David Tackett and No. 8 Mine LLC have shown good cause to set aside the clerk's entry of default against them. The Court will therefore grant Defendants' motion to set aside the entry of default.

**D.  Plaintiffs' Motion for Default Judgment**

"Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment." *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014). Because the Court has decided to set aside the entry of default as to David Tackett and No. 8 Mine LLC, and because a default judgment cannot be entered in the absence of such entry, the Court will deny Plaintiffs' motion for default judgment. *Id.* (finding that district court did not abuse its discretion in denying motion for default judgment after it set aside the clerk's entry of default).

**E.  Conclusion**

It is therefore ordered that:

1.  DEFENDANTS DAVID TACKETT AND NO. 8 MINE, LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (Doc. 13) is **GRANTED**;

2.  The CLERK'S ENTRY OF DEFAULT filed on May 28, 2020, against Defendants David Tackett and No. 8 Mine, LLC (Doc. 8) is hereby set aside;

3.  PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS DAVID TACKETT AND NO. 8 MINE, LLC (Doc. 10) is **DENIED**; and

4.  Defendants David Tackett and No. 8 Mine LLC must file an answer or otherwise respond to Plaintiffs' complaint by **August 24, 2020**.

_____
SENIOR UNITED STATES DISTRICT JUDGE