## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL SUGAR, JR.,
and PAUL SUGAR, SR.,

    Plaintiffs,

v.                                                        Civ. No. 20-331 JAP/LF

DAVID TACKETT,
STEVE L. TACKETT,
and NO. 8 MINE, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 24, 2020, Defendant No. 8 Mine, LLC ("the Mine") moved to dismiss Plaintiffs' COMPLAINT (Doc. 1). *See* DEFENDANT NO. 8 MINE, LLC'S FED. R. CIV. P. 12(b)(2) AND (6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT ("Motion") (Doc. 22). The Mine objects to the Court's exercise of personal jurisdiction over it. *Id.* at 1–7. It further argues that even if personal jurisdiction exists, Plaintiffs' Complaint fails to state a claim against the Mine upon which relief can be granted. *Id.* at 8–13. Because the Court holds that it lacks personal jurisdiction over the Mine, the Court will not address whether Plaintiffs' Complaint states a valid claim and will grant the Mine's Motion.

## FACTUAL BACKGROUND[1]

This case concerns the alleged sale of #8 turquoise owned by Plaintiffs and stored at their property in Moriarty, New Mexico. *See* Doc. 1 at 2. Plaintiffs allege that in June 2017, Defendant David Tackett, an Arizona resident, contacted them and expressed interest in purchasing all of the #8 turquoise Plaintiffs owned, which at the time was approximately 11,300 pounds. *Id.* at 2–3.

---

[1] The following facts are taken from Plaintiffs' Complaint, which the Court accepts as true and views in the light most favorable to Plaintiff. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147–48 (10th Cir. 2015).

1

Plaintiffs claim that David Tackett promised to pay $560,000 for the turquoise, and if paid within sixty days, the sales price would be reduced to $500,000. *Id*. at 3. In the course of reaching this sales agreement, David Tackett allegedly told Plaintiffs that he "owned a federal injunction entitling him to possession of all of [their] #8 turquoise" and threatened that if they did not sell the turquoise to him, he would take away all of the turquoise, "sue them, and possibly have them put in jail." *Id*. at 2 (internal quotation marks omitted).

The following month, on July 8, 2017, Defendant Steve Tackett, who is David Tackett's father, arrived unannounced at Plaintiff Paul Sugar, Sr.'s home and allegedly demanded that Plaintiffs "give him all of their #8 turquoise." *Id*. at 3. Because of David Tackett's prior threats and his promise to pay for the turquoise, Plaintiffs "reluctantly let Steve Tackett take their #8 turquoise," which he reportedly took to Flagstaff, Arizona. *Id*.

Plaintiffs were in contact with David Tackett in the weeks after his father Steve took the turquoise from Plaintiffs' property. *Id*. at 3–4. David Tackett repeated his promise to pay for the turquoise, but asked Plaintiffs to "be patient" while he was "working on it [arranging payment]." *Id*. at 4. This went on for about six months, at which point David Tackett stopped communicating with Plaintiffs. *Id*. By this point, Plaintiffs had discovered that Defendants were involved in lawsuits against them for similar actions, "i.e., acquiring #8 turquoise with either no intention of paying for it, or paying only a portion of the agreed sales price." *Id*. Plaintiffs also learned that the #8 turquoise in Defendants' possession is the subject of a preliminary injunction entered in a federal lawsuit in the District of Nevada. *Id*. Plaintiffs believe that a large portion of their turquoise remains in storage on Defendants' property in Flagstaff. *Id*. at 4. Plaintiffs assert that despite repeated demands, Defendants have refused to return their turquoise. *Id*. at 5. In addition, Steve

2

Tackett has purportedly been selling Plaintiffs' turquoise either individually or through his company, Turquoise Liquidators. *Id*. at 3.

## PROCEDURAL HISTORY

On April 13, 2020, nearly three years after the turquoise was taken from their property, Plaintiffs filed this lawsuit against David Tackett, Steve Tackett, and the Mine. *See* Doc. 1. The Mine is a Delaware limited liability company, with its principal place of business in Flagstaff, Arizona. *Id.* at 1. David Tackett is the sole member of the LLC. *Id.*

After David Tackett and the Mine did not enter an appearance, file an answer or otherwise respond within the required time period, Plaintiffs requested a clerk's entry of default. *See* Docs. 5–7. On May 28, 2020, the clerk filed an entry of default as to David Tackett and the Mine. *See* CLERK'S ENTRY OF DEFAULT (Doc. 8). On June 1, 2020, Plaintiffs then filed a motion seeking default judgment against David Tackett and the Mine. *See* PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS DAVID TACKETT AND NO. 8 MINE, LLC (Doc. 10).

Two days later, on June 3, 2020, local counsel for David Tackett and the Mine entered their appearance. *See* Doc. 12. On June 5, 2020, defense counsel filed a motion to set aside the clerk's entry of default. *See* DEFENDANTS DAVID TACKETT AND NO. 8 MINE, LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (Doc. 13). In that motion, defense counsel argued under Federal Rule of Civil Procedure ("Rule") 55(c) that good cause existed for the Court to set aside the entry of default, *see* Doc. 13 at 6–14, and on August 12, 2020, the Court granted that motion, *see* MEMORANDUM OPINION AND ORDER (Doc. 20).

Now the Mine seeks dismissal of Plaintiffs' claims against it. It asserts that the Court lacks personal jurisdiction over it and that the Complaint fails to state a claim against it. *See* Doc. 22.

STANDARD

Personal jurisdiction is established by the laws of the forum state and must comport with constitutional due process. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). New Mexico's long-arm statute, N.M. Stat. Ann. § 38–1–16 (1971), "is coextensive with constitutional limitations imposed by the Due Process Clause." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Tercero v. Roman Catholic Diocese of Norwich*, 48 P.3d 50, 54 (N.M. 2002). Personal jurisdiction over a nonresident defendant satisfies due process if there are sufficient "minimum contacts between the defendant and the forum State." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (internal quotation marks omitted). The touchstone of the minimum contacts analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen*, 444 U.S. at 297.

"Where the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). In the preliminary stages of litigation, however, the plaintiff's burden is light. *Doe v. Nat'l Medical Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). "Where a district court considers a pretrial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *AST Sports Sci., Inc.*, 514 F.3d at 1056–57. "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction

4

over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor[.]" *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

## DISCUSSION

The Mine asserts that the Court lacks personal jurisdiction over it. Doc. 22 at 1–7. Plaintiffs maintain, however, that the Mine waived any objection based on personal jurisdiction by failing to raise it in its motion to set aside the clerk's entry of default (Doc. 13) or in its response to Plaintiffs' motion for entry of default judgment (Doc. 14). *See* Doc. 25 at 1–4. The Court addresses these issues in reverse order. First, the Court concludes that the Mine has not waived its personal jurisdiction defense. And, second, because Plaintiffs have not advanced a single argument addressing the merits of the Mine's objection to personal jurisdiction, the Court concludes that Plaintiffs have not met their burden of establishing a prima facie case of personal jurisdiction over the Mine.

1. The Mine has not waived its defense of personal jurisdiction.

The requirement of personal jurisdiction is intended to protect a defendant's liberty interests, and because it represents an individual right, it can be waived. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–03 (1982). "Rule 12 not only contemplates the lodging of certain defenses at the earliest point in a lawsuit, it mandates a waiver of those defenses if not presented at the first available opportunity." *Travelers Cas. & Sur. Co. of Am. v. Unistar Fin. Serv. Corp.*, 35 F. App'x 787, 789 (10th Cir. 2002) (footnote and citation omitted).

Under Rule 12, a challenge to personal jurisdiction is abandoned when a defendant fails to raise the issue in either a responsive pleading or Rule 12 motion. *See* Fed. R. Civ. P. 12(h)(1)(b)(2); *see also* Fed. R. Civ. P. 12(g)(2) (explaining that "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion."). Notably, courts construe motions as made under Rule 12 if the motion raises any Rule 12(b) defense subject to the waiver provisions of Rule 12(h). *See, e.g.*, *United States v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994) (explaining that the response to the government's amended motion for default was a defensive move that triggered the provisions of Rule 12(h) and therefore should have included any objection to the court's exercise of personal jurisdiction); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000) (construing a Rule 55(c) motion as a Rule 12 motion and holding that the defendant abandoned any Rule 12(b)(2) challenge by not raising it in the Rule 55(c) motion); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398–99 (7th Cir. 1993) (holding that party waived objection to court's exercise of personal jurisdiction when it failed to include that objection in its initial motion to vacate the entry of default despite raising other Rule 12(b) defenses).

"The essence of Rule 12 . . . is that a party 'who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service] he then has and thus allow the court to do a reasonably complete job.'" *Am. Ass'n of Naturopathic Physicians*, 227 F.3d at 1107 (quoting Fed. R. Civ. P. 12 advisory committee's note, 1966 Amendment, subdivision (h) (brackets in original)). "Thus, if [the defendant] raised *any* Rule 12 defenses in his first filing to the court, he [is] obliged to raise *all* of those specified in Rule 12(h)." *Id.*; *see also Savarese v. Edrick Transfer & Storage,*

6

*Inc.*, 513 F.2d 140, 145 (9th Cir. 1975) (observing that the defendant waived a Rule 12(b)(5) defense when it "failed to raise it in its answer or by a [R]ule 12 motion" (footnotes omitted)).

That said, "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). Indeed, "a defendant remains free to challenge personal jurisdiction after a default judgment has been entered." *Am. Ass'n of Naturopathic Physicians*, 227 F.3d at 1107.

Here, the Mine failed to enter an appearance or otherwise respond prior to the clerk's entry of default. But nothing in the Federal Rules of Civil Procedure indicates that waiver is the necessary consequence of those failures. *Cf. Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir. 2010) ("[A] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding. This is particularly true in this case where the court must determine whether the constitutional requirements of minimum contacts are satisfied." (internal citations and quotation marks omitted)).

Moreover, the Mine did not assert any Rule 12(b) defenses that would have triggered Rule 12(h)'s waiver provisions in either its motion to set aside the clerk's entry of default (Doc. 13) or in its response to Plaintiffs' motion for default judgment (Doc. 14). *See Am. Ass'n of Naturopathic Physicians*, 227 F.3d at 1107 (observing that "[w]hen a party does not respond to a complaint and default judgment is entered, a Rule 55 motion will very frequently be the first document filed with the court," and explaining that Rule 12(h)'s waiver provisions were triggered because that filing raised other Rule 12(b)(2)–(5) defenses). Rather, this is the Mine's first motion to dismiss, and, although not mandated by the Federal Rules of Civil Procedure, the Mine consolidated its Rule 12(b)(2) and 12(b)(6) defenses. *See* Fed. R. Civ. P.

12(h). Thus, the Mine has not waived personal jurisdiction by failing to assert it in a consolidated Rule 12 motion.

Personal jurisdiction may also be waived if a defendant substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense. *See Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 203 F.3d 835 (10th Cir. 2000) (unpublished table decision). Under those conditions, courts have generally determined that a defendant abandons any objection to personal jurisdiction after lengthy participation in litigation. *See, e.g.*, *id.* (concluding that the defendant waived an objection to personal jurisdiction by waiting more than three years to file a Rule 12(b)(2) motion); *Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1309 (Fed. Cir. 2005) (observing that "a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal"); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 59 (2d Cir. 1999) (reasoning that the defendant "forfeited its defense of lack of personal jurisdiction by participating in extensive pretrial proceedings and forgoing numerous opportunities to move to dismiss during the four-year interval that followed its inclusion of the defense in its answer").

The Mine has not substantially participated in litigation prior to filing its Motion. In fact, the Mine promptly filed its Motion following the Court's Memorandum Opinion and Order setting aside the clerk's entry of default. *See* Doc. 20; *see also Hunger*, 203 F.3d at 835 ("In the *absence* of a motion to dismiss, a party's continued participation in litigation is inconsistent with an assertion of lack of personal jurisdiction." (emphasis added)). This is not a situation in which a defendant waited years before challenging the Court's exercise of personal jurisdiction. Thus, the Mine has not actively participated in litigation to such an extent that it has waived its right to challenge personal jurisdiction.

Because the Mine neither failed to raise its personal jurisdiction defense in a motion under Rule 12 nor substantially participated in litigation without pursuing that defense, Plaintiffs' contention is not supported by the Federal Rules of Civil Procedure or by case law. The Court concludes that the Mine has not waived its ability to challenge personal jurisdiction.

2. The Court does not have personal jurisdiction over the Mine.

To exercise personal jurisdiction over a nonresident defendant in a diversity action, federal courts must satisfy state law and federal due process. *See Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 (10th Cir. 2001). New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero*, 48 P.3d at 54. Accordingly, the long-arm statute and the due-process analyses merge, and the Court will proceed directly to the constitutional due process inquiry. *See OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998).

   a. General Jurisdiction

General jurisdiction exists when the defendant's contacts with the forum state are so "continuous and systematic" that the state may exercise personal jurisdiction over the defendant even if the claims against it are unrelated to the defendant's contacts with the state. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place." *Id.* at 137 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). "The 'paradigm' forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business[.]" *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017). Alternatively, "a corporate defendant's operations in another forum may be so

9

substantial and of such a nature as to render the corporation at home in that State." *Id.* (internal quotation marks and citation omitted).

Here, the Mine is neither incorporated in New Mexico nor has its principal place of business in New Mexico. *See* DECLARATION OF DAVID TACKETT (Doc. 22-1 at ¶¶ 4, 5). Rather, the Mine is a limited liability company organized under the laws of Delaware with its principal place of business in Flagstaff, Arizona. *Id.* at ¶¶ 4, 5; *see also* Doc. 1 at 1 (same). Moreover, per Defendant David Tackett's sworn declaration, the Mine does not own any property in New Mexico and does not conduct any activities in the state. *Id.* at ¶¶ 6, 9.

For their part, Plaintiffs do not argue that the Court has general jurisdiction over the Mine. Indeed, Plaintiffs do not respond at all to the Mine's assertion that the Court lacks general jurisdiction over it.

Because Plaintiffs bear the burden of establishing a prima facie case for jurisdiction over the Mine, *see AST Sports Sci., Inc.*, 514 F.3d at 1056, and they have failed to put forth any argument, let alone evidence, that general jurisdiction exists, Plaintiffs have failed to meet their burden with respect to general personal jurisdiction. The Court concludes that the Mine is not "at home" in New Mexico, such that the Court may exercise general jurisdiction over it.

b. Specific Jurisdiction

The specific jurisdiction inquiry is twofold. First, the Court must determine whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen*, 444 U.S. at 297. This requires the Court to determine whether the defendant purposefully directed its activities at residents of the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), and whether the plaintiff's claim arises out of or results from "actions by the defendant . . . that create a substantial connection with the

10

forum state," *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987) (internal quotation marks omitted). Second if the defendant's actions create sufficient minimum contacts, the Court must then consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." *Id.* at 113 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 315 (1945)). The latter inquiry requires a determination of whether the Court's exercise of personal jurisdiction over a defendant with sufficient contacts is "reasonable" considering the circumstances of the case. *See id.*

The Mine argues that it lacks *any* contacts with New Mexico that could satisfy the requirements of specific personal jurisdiction. Doc. 22 at 7. In particular, it maintains that it has never done any business in New Mexico. Doc. 22-1 at ¶ 9. It does not have regular contact with any individuals who live in or conduct business in New Mexico. *Id.* at ¶ 7. And it has never communicated or contracted with Plaintiffs. *Id.* at ¶¶ 8, 10. Moreover, the Mine denies having ever transported, possessed, sold, or benefitted in any way from Plaintiffs' turquoise. *Id.* at ¶¶ 11–14.

Meanwhile, Plaintiffs fail to explain how the Mine has directed any of its activities towards New Mexico, and how those undescribed contacts with the state justify the Mine being haled into court here. In fact, Plaintiffs have wholly failed to respond to the Mine's challenge to specific jurisdiction. As the Court has repeatedly stressed, the burden of establishing personal jurisdiction belongs to Plaintiffs. Again, Plaintiffs have offered *nothing* to support a finding of specific jurisdiction over the Mine.

At bottom, Plaintiffs' failure to respond to the merits of the Mine's personal jurisdiction arguments are fatal to their ability to pursue claims against the Mine in this Court.[2] The Court concludes that Plaintiffs have not met their prima facie burden of establishing general or specific personal jurisdiction over the Mine. The Court will thus dismiss Plaintiffs' claims against the Mine for want of personal jurisdiction.

## CONCLUSION

IT IS THEREFORE ORDERED that

(1) DEFENDANT NO. 8 MINE, LLC'S FED. R. CIV. P. 12(b)(2) AND (6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT (Doc. 22) is GRANTED, and

(2) Plaintiffs' claims against Defendant No. 8 Mine, LLC are DISMISSED without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] In their response to the Mine's Rule 12(b)(6) arguments, Plaintiffs contend that they have stated a claim against the Mine under a reverse piercing of the corporate veil theory. *See* Doc. 25 at 5–11 (arguing that Defendant David Tackett and the Mine are alter egos and that Plaintiffs have stated a claim against the Mine by virtue of its relationship with Defendant David Tackett). Plaintiffs do not, however, assert that this theory may provide a basis for the Court to exercise personal jurisdiction over the Mine. The Court will not make Plaintiffs' arguments for them—especially when, as here, Plaintiffs are represented by counsel. Therefore, the Court concludes that Plaintiffs have not met their prima facie burden of establishing personal jurisdiction over the Mine, to the extent Plaintiffs attempted to establish jurisdiction through a reverse piercing of the corporate veil theory. In reaching this conclusion, the Court does not take a position on the viability of such a theory for establishing personal jurisdiction over the Mine.