IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL SUGAR, Jr. and
PAUL SUGAR, Sr.,

        Plaintiffs,

v.                                                                                              1:20-cv-00331-KWR-LF

DAVID TACKETT, STEVE TACKETT, and
NO. 8 MINE, LLC, a Delaware
Limited Liability Company

        Defendant.

## ORDER GRANTING MOTION TO COMPEL

THIS MATTER comes before the Court on the plaintiff Paul Sugar, Jr.'s Motion to Compel Production of Documents and Supplemental Answer to Interrogatory Under FED. R. CIV. P. 37., filed on July 6, 2021. Doc. 66. Defendant David Tackett filed a response on September 10, 2021.[1] Doc. 83. Mr. Sugar filed his reply and a notice of briefing complete on September 17, 2021. Docs. 83, 84, 85. Having read the submissions of the parties, reviewed the relevant law, and being fully advised in its premises, the Court finds that the motion is well-taken and will GRANT it.

I.   Background Facts

This case involves claims for breach of contract, breach of the duty of good faith and fair dealing, misrepresentation, fraud, conversion, recission, and unjust enrichment arising from a transaction relating to about 13,000 pounds of No. 8 turquoise that plaintiffs allege they own, and that they claim defendants wrongfully dispossessed them of in July 2017. *See* Doc. 1. On April

---

[1] Mr. Tackett originally failed to respond to Mr. Sugar's motion, and the Court granted the motion on August 12, 2021. Doc. 79. Mr. Tackett subsequently filed an unopposed motion to vacate the Court's order granting the motion to compel (Doc. 81), and the Court granted Mr. Tackett leave to file a response to the motion (Doc. 82).

12, 2021, plaintiffs and Mr. Tackett reached a settlement agreement, subject to the condition that plaintiffs accept the turquoise, which they were to be given an opportunity to inspect. Doc. 44. The deadline for the parties to arrange for inspection of the turquoise and finalize their settlement agreement was May 14, 2021. *Id*. On May 14, the parties notified the Court that they "have been unable to agree on the written terms of the tentative settlement agreement and release that was to be drafted following the settlement conference." Doc. 46 at 1.

Within 24 hours of settlement talks ending, Mr. Tackett entered into a Sale and Purchase Agreement with a third party for the subject turquoise. Doc. 60 at 2; Doc. 61 (sealed). In addition to the purchase agreement, Mr. Tackett entered into a Confidentiality and Non-Disclosure Agreement with the purchaser. Doc. 62 (sealed). According to Mr. Tackett, he had approached the buyer months earlier to discuss a possible transaction and only accepted the buyer's offer to purchase the turquoise after the settlement agreement with Plaintiffs fell through. Doc. 60 at 2. On May 18, 2021, plaintiffs' counsel learned of the sale of the turquoise during a phone call with Mr. Tackett. *Id*. Mr. Tackett refused to disclose the name of the buyer or the location of the turquoise, citing a non-disclosure provision in the sales agreement. *Id*. at 3. At the hearing for a preliminary injunction, Mr. Tackett testified that the turquoise is no longer in his possession, he has been paid in full under the agreement, and he does not know the current location of the turquoise. *Id*.

II. Discussion

In his motion, Mr. Sugar asks the Court to compel Mr. Tackett to produce the sales contract and other documents related to the sale of the No. 8 turquoise to the third-party purchaser. Doc. 66 at 5–6. Mr. Sugar contends that the sales contract and related documents are responsive to Interrogatory No. 1 and Requests for Production Nos. 1, 2, 4, and 14, and that

pursuant to Federal Rule of Civil Procedure 26(e), Mr. Tackett should be required to supplement his discovery responses. *Id*. at 2–3, 4–5.

Mr. Tackett acknowledges that he entered into a Sale and Purchase Agreement and a Confidentiality and Non-Disclosure Agreement with a third party for the purchase of the subject turquoise. Doc. 83 at 1. Mr. Tackett makes four arguments against producing the purchase agreement and related documents: 1) that the only documents responsive to the requests for production are the purchase agreement and the confidentiality agreement; 2) that the confidentiality and non-disclosure agreement prevents him from producing those documents to plaintiff; 3) that during the preliminary injunction hearing, Judge Riggs did not order him to produce the purchase and confidentiality agreements; and 4) that Mr. Sugar has not shown that the documents requested are relevant to this case. Doc. 83 at 2–3. Mr. Tackett's arguments are without merit, and the Court will grant Mr. Sugar's motion.

1. <u>The Purchase Agreement is Responsive to Mr. Sugar's Discovery Requests</u>.

   In Interrogatory No. 1, Mr. Sugar requested:

   For each and every person whom you believe may have any information or knowledge regarding any of the issues raised by, or inherent in the Complaint [] or [in] your Answer filed in this case, please state their name, address, phone number, email address (if any), and provide a brief statement as to the substance of the information or knowledge that you believe they may have.

Doc. 66-2 at 2. Mr. Tackett did not object to this interrogatory. *Id*.

Mr. Tackett misinterprets Interrogatory No. 1 to include only information and knowledge regarding dealings between himself and plaintiffs. Doc. 83 at 2. The interrogatory, however, is not so limited. The interrogatory asks for the identification of people who may have information and knowledge "regarding any of the issues raised by or inherent in the Complaint or your Answer filed in this case." Doc. 66-2 at 2. In other words, the interrogatory is not limited only to information and knowledge of conversations and other dealings between Mr. Tackett and

3

plaintiffs, but for the identification of all people with information and knowledge regarding any issues raised in the Complaint or the Answer. Certainly, a person with information and knowledge regarding the sale of the turquoise at issue is a person that falls within the scope of Interrogatory No. 1. The Court will require Mr. Tackett to supplement his response to Interrogatory No. 1.

> Request for Production No. 1 seeks:
>
> a copy of all documents that you or anyone on your behalf have sent or provided to anyone other than or in addition to your attorney, that concern, relate to or otherwise mention, Paul Sugar, Jr., Paul Sugar, Sr., or the No. 8 turquoise ore that they previously had in their possession. Your response should include, but not be limited to, all correspondence, emails, text messages, memos, voice mails messages, and recordings, as well as all other documents of any nature or kind whatsoever.

Doc. 66-1 at 2.

> Request for Production No. 2 seeks:
>
> a copy of all documents that you or anyone on your behalf have received from anyone other than, or in addition to, your attorney, that concern, relate to, refer to, or otherwise mention Paul Sugar, Jr., Paul Sugar, Sr., or the No. 8 turquoise ore that they possessed. Your response should include, but not be limited to, all correspondence, emails, text messages, memos, voice mails messages, and recordings, as well as all other documents of any nature or kind whatsoever.

*Id*. at 3.

> Request for Production No. 4 seeks:
>
> a copy of all documents, including but not limited to all correspondence emails, text messages, memos, voice mail messages, and recordings, that concern, refer to, relate to, or otherwise mention purchasing, selling, or offering to purchase or sell any No. 8 turquoise.

*Id*. at 4.

> Request for Production No. 14 seeks:
>
> a copy of all documents that concern, relate to or mention the transportation, movement, or storage of any No. 8 turquoise.

*Id*. at 5. Mr. Tackett did not object to these requests. Doc. 66-1 at 2–5.

4

Mr. Tackett contends that the purchase agreement and confidentiality and non-disclosure agreement are the only documents not produced that are responsive to these requests for production.[2]  Doc. 83 at 2.  Contrary to Mr. Tackett's argument, the purchase agreement and confidentiality agreement may not be the only documents responsive to the requests for production that have not been produced.  For example, Mr. Tackett admits that he communicated with the purchaser of the turquoise prior to the settlement conference.  Doc. 60 at 2.  To the extent those communications were in written correspondence, emails, text messages, memos, voice mails messages, or other recordings, they are subject to the requests and should be produced.  Further, the requests for production are not limited to communications regarding the purchase and confidentiality agreements.  The requests seek the production of documents that relate to or mention Paul Sugar Sr., Paul Sugar Jr., the No. 8 turquoise, the purchase or sale of the turquoise, and the storage, transportation, and movement of the turquoise.  Accordingly, documents that relate to all of these topics are responsive to the requests for production and should be produced, including the purchase agreement and the confidentiality agreement.

Second, generally speaking, information that is merely confidential (as opposed to privileged) is discoverable so long as it is relevant and proportional to the needs of the case.  *See* FED. R. CIV. P. 26(b)(1) ("parties may obtain discovery regarding any nonprivileged matter that is relevant . . . and proportional . . .") (emphasis added).  The Federal Rules of Civil Procedure's liberal discovery rules trump private party agreements seeking to limit available information.  The rules do not except confidential agreements from discovery; rather they provide that confidential information should be subject to a protective order.  *Kelly v. Romines*, 2012 WL

---

[2] Mr. Tackett has produced text messages with Paul Sugar Jr., a receipt from Jack Elkins, and a contract for storage.  Doc. 66-1 at 2–3, 5.

681806, at *6 (D.N.M. Feb. 27, 2012) (citing FED. R. CIV. P. 26(c)).  As summarized by one court:

> It is well settled that confidentiality does not act as a bar to discovery and is not grounds to withhold documents or information from discovery.  "A concern for protecting confidentiality does not equate to privilege."  While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it is generally not a valid objection to withholding discovery altogether.

*Benney v. Midwest Health, Inc.*, 2018 WL 6042591, at *5 (D. Kan. Nov. 19, 2018) (quoting *High Point SARL v. Spring Nextel Corp.*, 2011 WL 4008009, at *1 (D. Kan. Sept. 9, 2011)).  Mr. Tackett's refusal to produce the purchase and confidentiality agreements and related documents based on the provisions of the Confidentiality and Non-Disclosure Agreement is not grounds to withhold documents and information from discovery.

Third, during the preliminary hearing on June 9, 2021, the Honorable District Judge Kea Riggs requested that Mr. Tackett produce the purchase and confidentiality agreements for *in camera* review.  Doc. 60 at 3 n.2.  The agreements were docketed under seal.  Docs. 61, 62.  At the preliminary hearing, Judge Riggs was not asked to consider whether the purchase and confidentiality agreements were subject to plaintiff's requests for production.  Instead, that issue was brought before me, and I find that the purchase and confidentiality agreements are subject to plaintiff's requests for production.  That Judge Riggs did not require Mr. Tackett to produce the purchase and confidentiality agreements during the preliminary hearing has no bearing on my ruling on a motion for discovery.

Fourth, Mr. Tackett argues that plaintiff "[does] not offer any reasoning as to why this information would be relevant to this case."  Doc. 83 at 3.  In plaintiff's reply, Mr. Sugar explains that the documents requested are relevant to their damages claims, and particularly relevant to plaintiffs' claims for conversion and unjust enrichment.  I agree with Mr. Sugar.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."

> When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.

*Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382–83 (D. Kan. 2005) (footnotes omitted).  Relevancy is broadly construed.  *Pepsi-Cola Bottling Co. of Pittsburg v. Bottling Grp., L.L.C.*, No. 07-2315-JAR, 2008 WL 234326, at *3 (D. Kan. Jan. 28, 2008).  Thus, "a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."  *Id*.  "A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party."  *Id*.  The information sought is relevant to plaintiffs' claims for conversion and unjust enrichment.

"Conversion is the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Fogelson v. Wallace*, 2017-NMCA-089, ¶ 83, 406 P.3d 1012, 1032 (internal quotation marks and citation omitted).  When a person is entitled to a judgment for the conversion property, the damages include the "value of the property at the time of conversion with interest."  *Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 23, 289 P.3d 1255, 1262.

To prevail on a claim for unjust enrichment, "one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *City of Rio Rancho v. Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 54, 150 N.M. 428, 260 P.3d 414, 428–29 (internal quotation marks and citation omitted).

Here, the information sought is relevant to plaintiffs' claims for both conversion and unjust enrichment. For example, the information requested is specifically relevant to issues such as whether Mr. Tackett exercised unlawful dominion and control over the turquoise, the value of the turquoise, and whether Mr. Tackett knowingly benefitted at plaintiff's expense in a manner such that allowing Mr. Tackett to retain that benefit would be unjust.

Finally, Mr. Tackett contends that plaintiffs are "fishing for information in order to harass this outside third party and hinder their business." Doc. 83 at 3. To the extend any person believes that any party is abusing the discovery process, that person is free to bring his or her concerns to the Court. The Court will not, however, engage in speculation about whether a party intends to harass someone before any such abusive behavior actually occurs.

III. Conclusion

The information sought by Mr. Sugar—despite any information being subject to a confidentiality and non-disclosure agreement—is not privileged and is relevant and proportional to the needs of the case.

IT IS THEREFORE ORDERED that plaintiff Paul Sugar, Jr.'s Motion to Compel Production of Documents and Supplemental Answer to Interrogatory Under FED. R. CIV. P. 37. (Doc. 66) is GRANTED.

IT IS FURTHER ORDERED that Mr. Tackett must supplement his responses to interrogatory No. 1 by stating the name, address, phone number, email address (if any), of all previously unidentified people, including the third-party purchaser of the turquoise, who have

information and knowledge regarding any of the issues raised in the Complaint or Answer, and provide a brief statement as to the substance of the information or knowledge that he believes they may have no later than December 22, 2021.

IT IS FURTHER ORDERED that Mr. Tackett must supplement his responses to requests for production Nos. 1, 2, 4, and 14, by producing all written correspondence, emails, text messages, memos, voice mails messages, or other recordings that relate to or mention Paul Sugar Sr., Paul Sugar Jr., the No. 8 turquoise, the purchase or sale of the turquoise, and the storage, transportation, and movement of the turquoise, no later than December 22, 2021.

_____
Laura Fashing
United States Magistrate Judge